IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **BEN BIGLER,** | |
| **Plaintiffs,** | |
| v. | Case No. |
| **EVERLEIGH ENTERPRISES INC. D/B/A CMK INSTALLATION** <br> **SERVE REGISTERED AGENT:** <br> **JOSEPH IRELAND** <br> **1869 NW. 555 ROAD** <br> **KINGSVILLE, MISSOURI 64061** | **JURY TRIAL DEMANDED** |
| and | |
| **DEPENDABLE FLOORING TAKE-UP, INC.** <br> **SERVE REGISTERED AGENT:** <br> **JOSEPH IRELAND** <br> **1869 NW. 555 ROAD** <br> **KINGSVILLE, MISSOURI 64061,** | |
| **Defendants.** | |

## COMPLAINT

COMES NOW Plaintiff, Ben Bigler ("Plaintiff"), by and through his attorneys of record, and alleges the following against Defendants:

## NATURE OF THE CLAIM

1. In Count I and II, Plaintiff prays for legal and equitable relief and alleges violations and retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

2. In Count III, Plaintiff prays for legal and equitable relief and alleges violations of the Missouri Wage Payment Act, Mo.Rev.Stat. § 290.527.

3. In Count IV, Plaintiff prays for legal and equitable relief alleging wrongful termination in violation of Missouri's whistle-blowing statute, Mo. Rev. Stat. § 285.575.

4. Plaintiff prays for compensatory and punitive damages on all counts.

## PARTIES

5. Plaintiff is, and was at all times relevant to the allegations herein, a citizen and resident of the state of Missouri and the United States.

6. At all times relevant herein, Plaintiff was employed by Defendants Everleigh Enterprises, Inc. d/b/a CMK Installation ("CMK") and Dependable Flooring Take-Up, Inc. ("DFT").

7. Defendant CMK is a company authorized and doing business in the state of Missouri.

8. Defendant DFT is a company authorized and doing business in the state of Missouri.

9. At all times relevant to the allegations herein, Defendants were Plaintiff's "employer" as contemplated the FLSA, 29 U.S.C. § 203.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims set out in Counts I and II, pursuant to 28 U.S.C. §1331.

11. This Court has subject matter jurisdiction over the state law wrongful termination claim set out in Counts III and IV by virtue of the Court's supplemental jurisdiction under 28 U.S.C. §1367. Plaintiff's failure to pay earned wages and wrongful termination claims form part of the same case or controversy under Article III of the United States Constitution because

2

the Plaintiff's federal and state law claims derive from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

13. In December 2017, DFT Owner, Joe Ireland, asked Plaintiff to work at DFT, with a pay rate of $45/per hour with benefits.

14. Plaintiff accepted the offer.

15. In and around January 4, 2018, Plaintiff officially began working on the payroll for DFT.

16. Plaintiff was given office supply store branded time-cards to record the hours and days that he worked, as well as the location.

17. Further, Mr. Ireland told Plaintiff that the pay week was Thursday through Wednesday.

18. Time-cards must be turned in no later than Thursday night and paychecks are distributed on Mondays.

19. Though he promised a pay rate of $45/per hour, Mr. Ireland changed the pay rate to $31/per hour.

20. Despite the Company's breach of contract, Plaintiff continued to work.

21. Over the next 15 months, Plaintiff routinely worked more than 40 hours/per week.

22. Even at a pay rate of $31/per hour, Plaintiff did not receive overtime pay of time and a half, which would be: $46.50.

23. On several occasions, Plaintiff complained to Mr. Ireland that his overtime pay was not correct.

24. Mr. Ireland dismissed Plaintiff's complaints.

25. Mr. Ireland attitude and demeanor toward plaintiff deteriorated following each complaint; for example, his tone became disrespectful, at times, and he was overly critical of Plaintiff's work performance.

26. In March 2019, Mr. Ireland purchased CMK.

27. Mr. Ireland informed Plaintiff he was lowering his pay from $31/per hour to $25/per hour and that he would be paid solely by CMK moving forward.

28. Beginning in April 2019, Plaintiff was paid exclusively by CMK at a rate of $25/per hour.

29. Plaintiff continued to work overtime hours.

30. However, CMK continually failed to pay Plaintiff overtime pay of time and half, which at that point was: $37.50.

31. On August 15, 2019, due to failure to pay proper overtime pay, Plaintiff rendered his two weeks' notice to CMK.

32. On September 2, 2019, due to the Company's intolerable acts of failing to pay Plaintiff his proper wages and overtime, Plaintiff terminated his employment with CMK.

33. At all times mentioned herein, before and after, the above described perpetrators were agents, servants and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendants. Therefore, Defendants are liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
## Fair Labor Standards Act –
## Failure to Pay Earned Wages and Overtime Compensation

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

36. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

37. At all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA protections.

38. Defendants violated the FLSA by failing to pay Plaintiff the legally mandated overtime premium.

39. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count I of his Complaint, for back pay damages and prejudgment interest, liquidated damages, litigation costs, expenses, and attorneys' fees, all to the fullest extent permitted under the law; and such other and further relief as this Court deems just and proper.

## COUNT II
## FLSA RETALIATION

COMES NOW Plaintiff and for Count II or his Complaint for Damages alleges and states as follows:

40. Plaintiff re-alleges and incorporates, by reference, each and every averment of this Complaint as though fully set forth herein.

41. Plaintiff engaged in protected activity under 29 U.S.C. §215(a)(3) by complaining to Defendants about their failure properly pay him for all hours that he worked.

42. In violation of 29 U.S.C. §216(a)(3), Plaintiff's employment could not continue due to Defendant's failure to properly pay all of his hours worked.

43. Plaintiff seeks damages in the amount of all lost wages, plus liquidated damages, as provided by 29 U.S.C. §216(b).

44. The actions and conduct set forth herein were done with malice or reckless indifference for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and deter others from similar conduct.

45. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by 29 U.S.C. §216(b), prejudgment and post-judgment interest, and such other legal and equitable relief that this Court deems just and proper.

WHEREFORE, Plaintiff demands judgment against all Defendants and prays for: (1) compensatory damages; (2) liquidated damages; (3) punitive damages; (4) front pay in lieu of reinstatement; (5) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

## COUNT III
### Missouri Wage Payment Act - Failure to Pay Earned Wages

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Defendant is subject to the overtime pay requirements of Mo. Rev. Stat. § 290.010, et seq because it is an employer in the state of Missouri and Plaintiff is an employee of Defendant.

6

48. The MWPA requires that covered employers may not withhold, deduct, or divert any portion of an employee's wages. *See* Mo. Rev. Stat. § 290.527.

49. At all relevant times, Defendant unlawfully withheld, deducted, and/or diverted significant portions of Plaintiff's wages and in doing so, failed to pay Plaintiff accrued wages by his next regular payday, and still have not paid him such wages.

50. Defendant has acted in bad faith and without reasonable grounds to believe that its actions and omissions were compliant with Kansas wage laws. As a result thereof and pursuant to Mo. Rev. Stat. § 290.527, *et seq.*, Plaintiff is entitled to recover all statutory penalties.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count III of his Complaint, for all unpaid wages and statutory penalties or other compensatory damages, for costs incurred, for prejudgment interest, and for such other relief as may be just and proper.

## COUNT IV
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY WHISTLE-BLOWING
(Against All Defendants)

COMES NOW Plaintiff and for Count IV or his Complaint for Damages alleges and states as follows:

51. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

52. The Mo. Rev. Stat. § 290.080, states in pertinent part that: "All corporations doing business in this state . . . shall pay the wages and salaries of their employees."

53. Any employer who pays any employee less wages than the wages the employee is entitled to is liable to the employee for the full amount of the wage rate, plus an additional equal

7

amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and reasonable attorneys' fees. Mo. Rev. Stat. § 290.527.

54. The purpose of the Missouri Wage Payment Act is to protect the welfare of the general public.

55. Plaintiff, a reasonably prudent person, concluded that his employer was engaged in activities in violation of the Missouri Wage Payment Act, which directly pertains to the general welfare of the public.

56. Plaintiff reported to his supervisor, Mr. Ireland, that he believed violations of the Missouri Wage Payment Act occurred.

57. Prior to Plaintiff's discharge, his employer knew that he reported violations of the Missouri Wage Payment Act.

58. The Company's retaliatory acts of failing to pay Plaintiff his earned wages and overtime pay perpetuated Plaintiff's constructive discharge from the Company.

59. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

60. It is the public policy of the State of Missouri, as expressed in Mo. Rev. Stat. § 285.575 *et seq*, that individuals not be discharged or removed from their positions of employment on the basis of reporting violations of law or public policy to supervisors or public authorities or refusing to violate the law.

61. Plaintiff suffered negative and tangible job actions as a consequence of opposing Defendant's policies and reporting violations of the law.

62. As a direct result of Defendant's retaliatory acts, causing Plaintiff's to end his employment with the Company, Plaintiff has sustained damages.

63. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from similar conduct.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants on Count IV of his Petition, and prays for compensatory and punitive damages, for prejudgment and post-judgment interest as provided by law, costs expended, and other relief as this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff hereby requests trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Missouri as the place of trial.

Respectfully Submitted,

**HOLMAN SCHIAVONE, LLC**

By: /s/ *M. Shaun Stallworth*
M. Shaun Stallworth, MO. Bar: 60764
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: sstallworth@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**